UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Richard E Haley,

                Petitioner,

    v.

Jeffrey A Uttecht,

                Respondent.

CASE NO. 3:20-cv-05204-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: AUGUST 7, 2020

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Richard E. Haley filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 3. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition. Because petitioner's time for pursuing state remedies has expired, petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends that the petition be dismissed with prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his convictions of three counts of rape of a child in the first degree and three counts of incest in the first degree. Dkt. 8, Exhibit 1. Petitioner was initially sentenced on March 3, 2017. Dkt. 8, Exhibit 4. Petitioner filed an appeal. Dkt. 8, Exhibits 5, 6. On appeal, petitioner argued, through counsel, that the trial court erred when it: (1) improperly tailored its bench trial findings of fact and conclusions of law; (2) admitted petitioner's statements to law enforcement that were obtained in violation of petitioner's *Miranda* rights; (3) accepted his invalid jury waiver; and (4) ordered an exceptional sentence without making the requisite findings and facts. Dkt. 8, Exhibit 6. In his statement of additional grounds, petitioner challenged his conviction by alleging prosecutorial misconduct and inconsistent testimony by a State witness. Dkt. 8, Exhibit 6. On June 12, 2018, the Washington Court of Appeals affirmed petitioner's conviction, but remanded for resentencing to address the issue of the exceptional sentence. *Id.* Petitioner did not seek review by the Washington Supreme Court. The Washington Court of Appeals issued its mandate on November 7, 2018. Dkt. 8, Exhibit 5. On December 7, 2018, petitioner was resentenced to 318 months on the three rape counts and 102 months on the three incest counts. Dkt. 8, Exhibit 1.

While his direct appeal was pending, petitioner filed a personal restraint petition ("PRP") on June 28, 2018. Dkt. 8, Exhibit 7. Petitioner raised the same four grounds raised on direct appeal: (1) improperly tailored its bench trial findings of fact and conclusions of law; (2) admitted petitioner's statements to law enforcement that were obtained in violation of petitioner's *Miranda* rights; (3) accepted his invalid jury waiver; and (4) ordered an exceptional sentence without making the requisite findings and facts. Dkt. 8, Exhibit 8. The PRP was dismissed as frivolous because the state court had already denied the same arguments in his

direct appeal. *Id.* The Washington Court of Appeals found that most of the PRP was a criticism of the direct appeal and the proper remedy was to file a petition for review by the Washington Supreme Court, not a PRP. *Id.* Petitioner did not seek review of the order dismissing his PRP with the Washington Supreme Court and the certificate of finality issued on April 4, 2019. Dkt. 8, Exhibit 7.

On February 19, 2020, petitioner signed and effectively filed this petition pursuant to § 2254. Dkt. 1-1, 3 at 15; *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001) (Under the prison "mailbox rule," a petition is deemed filed the moment it is delivered to prison authorities for forwarding to the clerk of the district court.) Petitioner raises four grounds for relief all based on his claim that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On May 22, 2020, respondent filed the answer, arguing that petitioner's claims are unexhausted and procedurally defaulted and that the petition should be dismissed with prejudice. Dkt. 7. Petitioner did not file a traverse.

## DISCUSSION

Respondent maintains that petitioner failed to exhaust the grounds raised in the petition and is procedurally barred from federal review. Dkt. 7.

1. *Exhaustion of State Remedies*

"A state prisoner is required to exhaust all available state court remedies *before a federal court may grant him habeas relief.*" *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir. 2003) (*overruled on other grounds by*, *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner bears the burden of

proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the petition, petitioner raises four grounds for relief asserting that he is unlawfully detained, and that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. As petitioner did not raise any of the four grounds in the instant petition on direct appeal or collateral review, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not raised on every level of direct review).

Petitioner appears to argue that his claims are exempt from the exhaustion requirement, stating that the state does not have jurisdiction over federal constitutional matters. *See* Dkt. 3. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, petitioner has not shown that there is an absence of available state corrective processes or circumstances exist rendering any state process ineffective. Rather, petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds that petitioner has not shown that there were no state court remedies available to him.  Therefore, the Court concludes that all four grounds raised in the petition were not properly exhausted.

1              2. *Procedural Default*

2          Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear the state court would hold the claim procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

          Washington State imposes a one-year statute of limitations on filing a post-conviction collateral attack. RCW § 10.73.090. All four grounds raised in the petition are procedurally defaulted because if petitioner attempted to collaterally challenge these claims in subsequent collateral attack, the state court would find the claims barred by the Washington State statute of limitations.

          " '[C]ollateral attack' means any form of postconviction relief other than a direct appeal. 'Collateral attack' includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment." RCW 10.73.090(2).

> [A] judgment becomes final on the last of the following dates:
>
> (a) The date it is filed with the clerk of the trial court;
> (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
> (c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

1  RCW 10.73.090(3).

2  Here, the direct appeal mandate was issued on November 7, 2018 and petitioner was resentenced on December 7, 2018. Dkt. 8, Exhibit 1 (amended judgment and sentence), 5 (direct appeal docket entries); RCW 10.73.090(3)(b). Respondent argues that the time to file a petition or motion for post-conviction relief expired one year from November 7, 2018, on November 7, 2019. Dkt. 7 at 11 (citing RCW 10.73.090). However, respondent provides no guidance on why the date that the direct appeal mandate was issued (November 7, 2018) is the date that the conviction became final, versus the date of the amended judgment and sentence (December 7, 2018). *See* Dkt. 7. Nevertheless, under either date, the one-year statute of limitations has passed, petitioner is now barred from filing a subsequent collateral attack in state court. *See id*. at (1). In addition, because petitioner previously presented a PRP to the state courts, the state courts are unlikely to entertain another such petition. *See* RCW 10.73.140 and RAP 16.4(d).

Petitioner would be precluded from asserting all four grounds raised in the petition in state court, and thus, these claims are procedurally defaulted in federal court. *See Coleman*, 501 U.S. at 731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126

(9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477 U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, petitioner has not alleged any facts that establish cause or prejudice. Nor does petitioner present any new evidence demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of any new evidence. Petitioner simply did not raise the claims in his petition at all levels of the state court. Accordingly, petitioner has made no showing of cause or prejudice or a fundamental miscarriage of justice. Because petitioner cannot excuse his procedural default, all four grounds raised in the petition are not cognizable in a habeas corpus proceeding and should therefore be dismissed with prejudice. The Court need not reach the issue of timeliness because respondent does not raise the issue and as is already noted, petitioner's claims are unexhausted and procedurally defaulted.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, petitioner's grounds may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude that the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

For the above stated reasons, the Court concludes that all grounds raised in the petition are unexhausted and procedurally defaulted. The Court also finds that an evidentiary hearing is not necessary. Therefore, the Court recommends that the petition be dismissed with prejudice and a certificate of appealability not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 7, 2020 as noted in the caption.

Dated this 7th day of July, 2020.

J. Richard Creatura
United States Magistrate Judge